ALBERT A. LABBEE *vs.* MICHAEL FRENZE.

MARCH 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case brought to recover damages for injuries to the person and to property caused as the plaintiff alleges by the negligence of the defendant. A trial in the Superior Court resulted in a verdict for the plaintiff and the case is here on defendant's exception to the refusal of the trial justice to grant a new trial.

About 4:15 o'clock on the afternoon of January 29, 1931, plaintiff was driving his automobile along Bainbridge avenue on his way to his home on Sycamore street. Bainbridge avenue ends at Westminster street which street it was necessary for the plaintiff to cross and make thereon a short

left turn in order to enter Sycamore street. As plaintiff approached Westminster street he says that he slowed down almost to a stop; looked in both directions on Westminster street and saw no automobile moving in either direction. His view easterly was obstructed by a building, used for store purposes, on the corner of Bainbridge avenue and Westminster street so that from the place where he made his observation he could see easterly only about 60 or 70 feet. He did not again look but drove on to Westminster street and came into collision with the automobile of defendant which was being driven in a westerly direction by his son.

Westminster street where the collision occurred is a wide street; it is double-tracked for street cars and has sidewalks about 10 feet in width. The building above referred to was built to the street line, but the corner has been cut off on a diagonal line so as to provide an entrance to the store from each street. This fact and the width of the sidewalk makes it possible for a driver of an automobile about to enter Westminster street from Bainbridge avenue to see a long distance easterly on Westminster street without entering on that part of said street used for vehicular traffic.

Plaintiff testified that his automobile had reached the first rail of the outbound street car track before he saw defendant's car and that his automobile, which was of the sedan type, was struck near the rear door, when he was between the two lines of street car tracks.

Westminster street is a heavily traveled arterial highway; to enter it in safety from a side street requires a high degree of caution. One of plaintiff's witnesses, an employee of a filling station located directly opposite the junction of Bainbridge avenue and Westminster street, testified as follows: "When you' come out of Bainbridge avenue you have to come to a stop; that is just necessary along there; then you have to shift your car into second, at least, to go into Westminster street." After looking from a point where his vision was limited plaintiff entered Westminster

street at a speed of from 15 to 18 miles an hour without again looking to see if it was safe for him to cross.

An automobile proceeding along Westminster street at a moderate rate of speed will cover 60 to 70 feet in a few seconds. The plaintiff had the opportunity to observe traffic conditions on Westminster street from an unobstructed viewpoint before he entered said street, and had he done so he could not have failed to see defendant's car approaching the intersection. In failing to look when he had a clear view plaintiff was guilty of contributory negligence and he therefore cannot recover for the injuries of which he complains. *Clarke* v. *R. I. Elec. Lighting Co.*, 16 R. I. 463; *Beerman* v. *Union R. R.*, 24 R. I. 275; *Jacobson* v. *O'Dette*, 42 R. I. 447; *Correia* v. *Cambra*, 51 R. I. 472; *Keenan* v. *Providence Journal Co.*, 52 R. I. 54.

Defendant's exception is sustained and, as our conclusion of the law applicable to the case precludes recovery, plaintiff may appear before this court on March 27, 1933, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

SWEENEY, J., dissenting. I am obliged to dissent from the portion of the opinion which states: "In failing to look when he had a clear view plaintiff was guilty of contributory negligence . . . ."

In my opinion plaintiff's testimony proved a *prima facie* case of due care on his part and negligence on the part of the driver of defendant's automobile. These two issues were submitted to a jury by a charge to which no exception was taken. The trial justice approved the verdict when he denied defendant's motion for a new trial. The only exception before this court is to the denial of this motion. The evidence in this case is such that, under the rule adopted in *Wilcox* v. *R. I. Co.*, 29 R. I. 292, which has so often been applied by this court, the exception should be overruled.

In support of its position the court cites *Clarke* v. *R. I. Elec. Lighting Co.* In this case the court said: "Generally

the question of negligence is a question of fact to be determined by the jury; but sometimes, where there is no controversy as to the facts and when it clearly appears from them what course a person of ordinary prudence would pursue, it is a question for the court. So, when the standard of duty is fixed or when the negligence is clearly defined and palpable, the court will not leave the case to the jury. But cases of this kind are few and are generally cases in which the situation is so simple that any person of ordinary prudence would instantly perceive what to do or what to refrain from doing. . . . So, whether the facts be disputed or not, if they are such that different minds fairly considering them might draw different conclusions from them, the question of negligence is for the jury."

In *Parenteau* v. *Parenteau*, 51 R. I. 263 at 268, this court said: "The case must be very clear to warrant the court in holding the driver of an automobile to be negligent as a matter of law." Under the law as stated in these two cases, the conflicting evidence as to which automobile ran into the other, the position of the automobiles just before the collision and many other material facts raised issues which must be determined by a jury.

The cases of *Jacobson* v. *O'Dette*, *Correia* v. *Cambra* and *Keenan* v. *Providence Journal Co.*, are also cited. These cases arose from collisions at intersecting highways and are easily distinguishable on their facts from the case at bar. In the *Jacobson* case plaintiff's driver "drove straight ahead towards Broad street" over Empire street and "did not look to the right or to the left" as he approached its intersection of Westminster street and did not see defendant's automobile approaching on Westminster street until after he heard the crash. In the *Correia* case plaintiff looked to his left when about 100 feet from the intersecting highways and saw defendant's car about 300 feet away approaching the intersection. Plaintiff did not look again at defendant's car until after he was struck by it at the intersection. In the *Keenan* case plaintiff was driving west on Angell street.

He looked to his right up Thayer street a distance of 200 feet and saw nothing; when halfway across the intersection of the streets, he was struck by defendant's truck. The court held that the fact that plaintiff did not see the truck when it was in plain view on Thayer street and close at hand demonstrated the fact that plaintiff did not look or take any care for his own safety.

In the case at bar plaintiff's testimony is that when he approached Westminster street he looked to his left and saw no automobile approaching within 75 feet; that when his automobile was on the first car track, defendant's automobile was about 30 feet away. Assuming this testimony to be true—as we must on this phase of the case—it cannot be said as a matter of law that plaintiff was guilty of contributory negligence or that there is no legal evidence to support the verdict.

The case of *Beerman* v. *Union R. R.* is also cited. Plaintiff started to drive a slow moving horse-drawn vehicle across defendant's tracks in a public highway and the horse was struck by a car which was moving very fast. The court said a railway track, whether steam or electric, was a place of danger. It held that whatever may have been the fault of the motorman, it was plaintiff's duty to look both ways immediately before crossing the track. If his lack of prudence does not contribute to his injury, this statement of the law will not prevent a person from obtaining redress for an injury under the familiar doctrine of the last clear chance. *Underwood* v. *Old Colony St. Ry. Co.*, 33 R. I. 319; *Rooney* v. *U. E. Rys. Co.*, 47 R. I. 478. Plaintiff is entitled to the benefit of this doctrine. His testimony is that when his car was over the tracks defendant's car was about 30 feet away. It appears that defendant's car could be stopped within 6 feet; therefore defendant's driver should have stopped his car and prevented the collision.

No exceptions were taken to the charge and, whether right or wrong, it became the law of the case. As the verdict

is not against the law contained in the charge and as there is sufficient legal evidence to support the verdict, the defendant's exception should be overruled.

*William A. Gunning*, for plaintiff.

*Francis A. Manzi*, for defendant.